Robert A. Langlois and Mildred M. Langlois v. Commissioner.
Langlois v. Commissioner
Docket No. 41534.
United States Tax Court
T.C. Memo 1955-56; 1955 Tax Ct. Memo LEXIS 286; 14 T.C.M. (CCH) 187; T.C.M. (RIA) 55056; March 10, 1955
*286 1. The income tax returns filed for 1946 and 1947 were separate returns of the husband, not intended as joint returns of the petitioners. 2. Where the husband, a deputy collector of internal revenue, claimed an exemption for his wife in his separate returns for 1946 and 1947 with the knowledge that she had received income in each of those years, the exemptions are disallowed, there are deficiencies in his income tax for each of those years, and at least a part of the deficiency for each year was due to fraud with intent to evade tax. 3. Where the joint return for 1948 of a deputy collector of internal revenue and his wife failed to disclose income of the wife, a deficiency was properly determined and a part of the deficiency was due to fraud with intent to evade tax. Maurice Weinstein, Esq., 623 North Second *287 Street, Milwaukee, Wis., for the petitioners. Robert R. Veach, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion Respondent determined deficiencies in the income tax of petitioners as follows: Addition to
Tax Sec.
293(b)
Year
Tax
Deficiency
I.R.C.
1946
Income
$79.00
$39.50
1947
Income
22.57
11.29
1948
Income
21.08
10.54
That determination was based on respondent's treatment of the returns for 1946 and 1947 as joint returns from which there were omitted earnings of the wife admittedly amounting to $415 in 1946 and $130 in 1947. The original petition herein referred to the returns for the years in question, 1946, 1947 and 1948, as joint returns. Petitioners subsequently amended their petition to allege that the returns for 1946 and 1947 were the separate returns of petitioner, Robert A. Langlois, hereinafter sometimes referred to as petitioner, and that no returns were required from or filed by petitioner, Mildred M. Langlois, for the years 1946 and 1947. In his answer to the amended petition, respondent seeks, alternatively, to increase the deficiencies in the taxes of Robert *288 A. Langlois for 1946 and 1947 to $104 and to $94.77, respectively, with appropriate increases in the applicable penalties in the event the returns for the years are found to be the separate returns of the husband. Other adjustments set forth in the notice of deficiency are not contested and will be given effect under Rule 50. The facts stipulated at the hearing are incorporated herein by reference. Findings of Fact Petitioners, Robert A. Langlois and Mildred M. Langlois, are husband and wife and residents of Milwaukee, Wisconsin. During the years 1946, 1947 and 1948, they resided in Prairie du Chien, Wisconsin. Beginning in 1944 and continuing throughout the years here involved, Robert A. Langlois was a deputy collector of internal revenue assigned to the local office of the Bureau of Internal Revenue at Prairie du Chien. His duties included the examination of income tax returns and the assisting of taxpayers in the preparation and filing of Federal tax returns. For each of the years 1946, 1947 and 1948, Robert A. Langlois prepared and forwarded to the collector of internal revenue for the district of Wisconsin his own Federal income tax return on Form 1040. The 1946 and *289 1947 returns were filed in the name of Robert A. Langlois and did not contain the signature of Mildred M. Langlois. They listed Mildred M. Langlois on their face as an exemption and, in answer to the question on the face of the return, "Is your wife (or husband) making a separate return * * *?" contained the answer "No." The 1948 return was filed in the name of both petitioners and was signed by both petitioners. Mildred M. Langlois had gross income of $415 in 1946, $130 in 1947 and $130 in 1948, none of which was reported in the returns described above. She did not file a separate return for 1946 or 1947. Mildred was employed on a weekly basis during part of the year 1946 by one William Fischer, a restaurant operator in Prairie du Chien, Wisconsin. Her duties consisted of keeping Social Security tax and withholding tax records of the restaurant and preparing the necessary returns. For such services, she was paid $10 per week, or a total of $390 during the year. Her employment by Fischer resulted from a conversation in which Robert A. Langlois participated. Mildred was also employed in 1946 by one William Leis who operated a tavern in Prairie du Chien. Her duties consisted *290 of taking care of Social Security tax and withholding tax records and returns for the tavern. That employment lasted from 1946 into 1948. For such services, Mildred was paid $25 in 1946, $120 in 1947 and $80 in 1948. Mildred's employment by Leis occurred subsequent to Leis' visit to the Bureau of Internal Revenue office in Prairie du Chien and his conversation there with Deputy Collector Robert A. Langlois concerning Social Security matters. Robert suggested that his wife could assist Leis. Shortly thereafter Mildred telephoned Leis and the employment was arranged. Mildred received $30 in 1948 from one Raphael Laufenberg of Ferryville, Wisconsin, for assisting him in the preparation of Federal and state tax returns. Laufenberg had first gone to the Internal Revenue office in Prairie du Chien and asked Deputy Collector Robert A. Langlois for assistance in preparing his income tax return. Robert told Laufenberg that he would not be able to help him at that time but that his wife would be able to work on Laufenberg's returns in the evenings. He then suggested that Laufenberg take the papers to the Langlois home and give them to Mildred, which Laufenberg did, returning several days *291 later to pick up the papers and sign the returns which had been prepared by then. Laufenberg paid Mildred the $30 by a check in that amount, payable to her, which was endorsed by her and by Robert. In 1948, Mildred received $20 from Orville Purington, a farmer, for the preparation of his income tax returns. That payment was made to Mildred after Purington had first gone to the Internal Revenue office in Prairie du Chien and asked Deputy Collector Robert A. Langlois for assistance in preparing his income tax return. Robert, after preparing Purington's Federal income tax return and after working out his state income tax liability, directed Purington to take the papers to the Langlois home and to have the state returns completed by Mildred and to pay her. Mildred M. Langlois is not an accountant and has little or no accounting training. Robert sometimes assisted Mildred in the accounting and income tax work which produced the unreported income here involved. Orville Purington had also visted the Internal Revenue office in Prairie du Chien in 1947 to obtain assistance in filing his Federal income tax return. He was there assisted by Robert A. Langlois. In response to a question *292 as to whether there was a charge for his services, Robert said that there was not but that he would accept gifts. Purington subsequently placed $10 in cash on the desk which was picked up by Robert A. Langlois. The receipt of this money was not shown on the return for 1947. Robert A. Langlois was aware that his wife had received income in each of the years 1946, 1947 and 1948. He omitted reporting his wife's income so that his employer would not learn of this outside work. The returns filed for 1946 and 1947 were the separate returns of Robert A. Langlois. The deficiencies for each of the years 1946, 1947 and 1948 were due, at least in part, to fraud with intent to evade tax. Opinion ARUNDELL, Judge: A preliminary question arises in this case as to the nature of the returns for 1946 and 1947. The petition originally filed herein referred to them as joint returns and the respondent treated them as such in his original computation of the deficiencies for those years. In their amended petition, however, petitioners take the position that the returns for 1946 and 1947 were the separate returns of Robert A. Langlois and that Mildred, not having received as much as $500 income *293 in either year, was not required to and did not file separate returns for those years. Respondent, in his answer to the amended petition, adheres to his original contention but pleads alternatively that if the 1946 and 1947 returns are the separate returns of the husband rather than joint returns, an adjustment must be made so as to disallow the exemption credit of $500 taken in each year for the wife, Mildred M. Langlois. Since in each of the years 1946 and 1947 this would result in a higher net income figure than would the inclusion of the wife's income and a higher tax for each year, respondent asks alternatively for increases in the deficiencies and penalties based on the higher income figures. We are convinced that Robert A. Langlois did not intend to file joint returns for 1946 and 1947. The testimony of the petitioner as to his intent in preparing the returns is so inconsistent that it must be disregarded as wholly unreliable. We are impressed by the fact that the 1946 and 1947 returns list as the taxpayer only the name of Robert although the return clearly states just below the appropriate line, "If this return is for a husband and wife, use both first names." Moreover, *294 the returns were signed only by Robert despite the fact that the face of the return states, "If this is a joint return of husband and wife, it must be signed by both." Here, we are dealing with a representative of the taxing authorities whose job was to explain such distinctions to those less skilled than he in such matters. We can only conclude that since only the husband was listed and only the husband signed the returns, he must have intended to file separate returns and not joint returns. It follows that since Mildred M. Langlois was not required to file a return for 1946 or 1947 and did not file returns for those years, there can be no deficiency or penalty running against her for those years. It also follows that unless the years 1946 and 1947 are barred by the statute of limitations, the deficiencies for those years must be redetermined on the basis of elimination of the exemption credit of $500 for each year claimed for Mildred M. Langlois since admittedly she had income in each of those years. [1]
*295 Whether or not the years 1946 and 1947 are closed by the statute of limitations depends, in turn, on the question of whether the returns for those years were fraudulent with intent to evade tax. We think it clear that the return for each of the three years in question was fraudulent and that each of the deficiencies was due, at least in part, to fraud with intent to evade tax. As to the year 1948, petitioner concedes that the deficiency is correct and that it stems in part from his failure to include in the joint return the income earned by his wife in that year. He also admits that he was aware of the fact that she had earned some income but states that he did not know the exact amount and that he inadvertently omitted it from the return. In response to a question propounded at the hearing of this case as to why he had not made efforts to ascertain the amount of his wife's income, petitioner answered as follows: "Well, I let mine go to the last day, being busy with other taxpayers. I put it together the best I could in order to get it in on time myself." Although it is not entirely clear from the transcript to which of the returns before us petitioner was referring, we note *296 that the returns for 1946, 1947 and 1948 are stamped as having been received by the Collector on January 22, 1947, January 8, 1948, and January 13, 1949, respectively. The record further discloses that in a discussion with special agents of the Bureau of Internal Revenue on March 8, 1951, petitioner stated that he omitted reporting his wife's income so that his employer would not learn of this outside work. On the whole, petitioner's testimony was so inconsistent and implausible as to warrant little consideration in our deliberations on the fraud issue. On the basis of petitioner's present contention that the returns for 1946 and 1947 were intended as his separate returns, he has by his own admission claimed unallowable exemption credits of $500 for his wife in each of those years. We note, parenthetically, that petitioner would be no better off from the standpoint of his allegation in the original petition that the 1946 and 1947 returns were joint returns since he then would be in the position of having failed to report his wife's income for three consecutive years during which he was admittedly aware that she had received some income. Regardless of the approach taken, then, there *297 is no question but that petitioner's income was understated in significant amounts in 1946, 1947 and 1948. Considering petitioner's special and detailed knowledge of the requirements relating to the preparation of returns and the computation of taxes during the specific period in question, we have concluded that the understatements must be attributed to a fraudulent attempt to evade tax. Respondent properly asserted 50 per cent fraud penalties for each year. The penalties for 1946 and 1947 must be increased on the basis of the increased deficiencies for those years. Decision will be entered under Rule 50. Footnotes
1. Section 25 of the Internal Revenue Code of 1939, as amended by the Revenue Act of 1945, provided in part as follows: SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME. * * *
(b) Credits for Both Normal Tax and Surtax. - (1) Credits. - There shall be allowed for the purposes of both the normal tax and the surtax, the following credits against net income: (A) An exemption of $500 for the taxpayer; (B) An exemption of $500 for the spouse of the taxpayer if - * * *
(ii) A separate return is made by the taxpayer, and his spouse has no gross income for the calendar year in which the taxable year of the taxpayer begins and is not the dependent of another taxpayer.↩